# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ABRAHAM B. MCFADDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:13CV1029 |
| MAIL ROOM STAFF, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, commenced this *pro se* action alleging that his constitutional rights have been violated. (*See* Docket Entry 2.) Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. (Docket Entry 7.) The court notified Plaintiff pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) that he had the right to file a response to Defendant's motion and submit affidavits or statements and/or other legal or factual material supporting his claims as they are challenged by Defendant's motion to dismiss. (Docket Entry 10.) Plaintiff has filed a response to Defendant's motion (Docket Entry 12) and the matter is ripe for disposition. For the reasons that follow, Defendant's motion to dismiss should be granted.

## I. BACKGROUND[1]

Plaintiff filed this action *pro se* under 42 U.S.C. § 1983 on November 19, 2013 against Defendant "Mail Room Staff" at Warren Correctional Institution ("WCI"). (Complaint, Docket Entry 2.) Plaintiff claims that on September 25, 2012 he received a letter from the mailroom at WCI indicating that a portion of a publication had arrived for him in the mail, but had been confiscated as contraband. (*Id.* at 3.) According to the Plaintiff, he wrote back to the mail room, explaining that the material in question was his own manuscript that he had written and sent out to be typed. (*Id.*) Plaintiff was informed that the material was considered contraband because it was not from a legitimate source of published materials. The manuscript was destroyed because Plaintiff did not have funds in his prison account to have the material either returned to the sender or sent home. (*Id.*) Plaintiff alleges it took him over two years to write the material and he was "very hurt concerning this matter." (*Id.*)

In support of his complaint, Plaintiff has submitted to the court copies of the administrative grievances he filed regarding his complaints about the destruction of his manuscript. (Docket Entry 3.) Plaintiff received the following response to his Step One Grievance:

> In your complaint you state that the mailroom withheld and then unnecessarily destroyed a manuscript that you had sent out to be typed and was being returned. Investigation reveals that when the item in question was delivered to the facility, it appeared to be "published material" and fell under Policy Chapter D, section .0101, paragraph (a): "Publisher is defined to include legitimate wholesale marketers and distribution centers for published material." Therefore, it was considered contraband. You were duly notified and given the option to mail it home. It is noted that you did opt to send the

---

[1] Unless otherwise noted, the facts set forth herein are taken from Plaintiff's complaint and his submissions in opposition to Defendant's motion to dismiss (Docket Entries 12, 13, 14) and are accepted as true for purposes of Defendant's motion. (*See* Discussion *infra* at II (A).)

material home, but due to you not having sufficient funds, the material was destroyed.

(Docket Entry 3 at 2.) A Grievance Examiner who reviewed the findings and response of the staff in the initial grievance found that "staff has adequately addressed this inmate's grievance concerns," and adopted the facts found by the staff investigator. (*Id.* at 3.)

Plaintiff does not identify any staff by name or description. He contends that the Mail Room Staff "made a mistake" in construing his manuscript as contraband under Department of Corrections policies. (Pl.'s Brief at 4, Docket Entry 14.)

## II. DISCUSSION

A. *Rule 12(b)(6) Standards*

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has

3

acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* While courts construe *pro se* complaints liberally, a court should not fashion Plaintiff's arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Likewise, a court should not "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its

face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact.")  *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In addition, *pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998). The Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). "Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Hewitt v. Hutchins*, 309 F. Supp.2d 743, 748–49 (M.D.N.C. 2004) (internal quotations marks omitted).

Finally, in ruling on a motion to dismiss, courts may consider documents attached to either the complaint or motion to dismiss without converting the motion to dismiss into a motion for summary judgment "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

B. *Analysis*

The complaint in this matter purports to be filed pursuant to 42 U.S.C. § 1983, which, "'is not itself a source of substantive right,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)

5

(*quoting Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws of the United States.'" *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is unclear from the complaint here what rights secured by the Constitution or federal laws Plaintiff alleges were violated. A liberal reading of the pleading, however, suggests that Plaintiff is alleging either a First Amendment violation or a due process violation.

First, Plaintiff here has failed to state a claim because he has sued the "Mail Room Staff," a group of people which is not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (per curiam) (unpublished) ("The medical department of a prison may not be sued, because it is not a person within the meaning of §1983.") (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Tate v. Franklin*, No. 1:09CV230, 2010 WL 2266995, at *2 (M.D.N.C. Jun. 3, 2010) ("Defendants 'Medical Department' and 'Orange County Jail' are not entities subject to suit."). Much like the "Medical Staff" of a prison, "Mail Room Staff" are not identifiable or servable defendants.

In his response, Plaintiff states that he does not know the names of the specific mail room employees responsible for the destruction of his manuscript, saying that "Staff could not reveal any of the Staff members' names that were at fault. This was done to confuse the

process." (Pl.'s Resp. at 3, Docket Entry 14.) Plaintiff contends that by giving dates and job duties he provided enough information. (*Id.*) Despite this contention, Plaintiff has failed to establish that "Mail Room Staff," as a group of people and not individuals, is amenable to suit under ¶ 1983.[2]

Moreover, Plaintiff has failed to state a cognizable First Amendment claim under § 1983. Prisoners enjoy a protected First Amendment interest in sending and receiving mail. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). This right, however, "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh*, 490 U.S. at 407 (*quoting Turner*, 482 U.S. at 85). While prison regulations or practices that affect prisoners' legal mail, and thus their access to the courts, are of primary interest to the courts, those which affect an inmate's receipt of non-legal mail also implicate First Amendment rights and so must be "reasonably related to legitimate penological interests" to pass constitutional muster. *Turner*, 482 U.S. at 89. Legitimate penological interests include preserving prison security and maintaining order and discipline. *Id.* at 89; 92-93. Moreover, in noting the delicate nature of prison management,

---

[2] Generally, if this failure were the only defect in Plaintiff's complaint, the court would allow Plaintiff a certain period of time to amend his complaint, identify the proper parties and particularize his claims. However, in light of Plaintiff's failure to state a claim for a violation of his due process or First Amendment rights, such an allowance would be fruitless. Additionally, the undersigned notes that Defendant frames this issue as a jurisdictional one, based on Plaintiff's failure to effect service. The cases cited by Defendant, however, are civil cases based on the misnaming of a corporate defendant, which are of little support in the context of this case. *See Stellar Ins. Grp., Inc. v. Cent. Cos., LLC*, No. 2:06cv11, 2006 WL 2862218, *2-3 (W.D.N.C. Sept. 12, 2006); *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873-74 (4th Cir. 1947). The parties here do not cite, and the Court has not found, any cases that address, on jurisdictional grounds, this issue with regard to a *pro se* § 1983 plaintiff naming as a defendant a group of people, such as mail room staff. However, given the other notable flaws in Plaintiff's pleadings, the Court need not address Defendant's jurisdictional argument. *See Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 904 (6th Cir. 2003) (affirming dismissal of complaint under Rule 12(b)(6) without considering whether complaint was subject to dismissal under 12(b)(1)).

the Supreme Court has "afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." *Thornburgh v. Abbott*, 490 U.S. 401, 408 (1989).

The court concludes that the confiscation of the Plaintiff's mail was reasonably related to legitimate penological interests; namely, maintaining security and preventing contraband from entering the prison. Defendants followed their standard policies in reviewing Plaintiff's mail and confiscated the manuscript in question because it failed to comply with those policies. Prison officials are afforded wide discretion in executing policies designed to preserve order and maintain security, including the regulation of prisoners' receipt and possession of personal property. This ensures that prison officials "'and not the courts, . . . make the difficult judgments concerning institutional operations.'" *Turner*, 482 U.S. at 89 (*quoting Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 128 (1977)); *see also Altizer v. Deeds*, 191 F.3d 540, 549 (4th Cir. 1999) (the opening and inspection of an inmate's mail is reasonably related to legitimate penological interests, and therefore, does not violate the First Amendment).

To the extent that Plaintiff is alleging that he has been denied due process, the court notes that "[t]he fundamental requirement of due process is the opportunity to be heard and it is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986) (internal quotation marks omitted). In the case of lost, destroyed or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *Id.* at 542-44; *Hudson v. Palmer*, 468 U.S. 517, 533

(1984). In North Carolina, prisoners may bring actions for damages against officials who intentionally deprive them of property without state authorization. *Wilkins v. Whitaker*, 714 F.2d 4, 6 (4th Cir. 1983); *see also Yates v. Jamison*, 782 F.2d 1182, 1185 (4th Cir. 1986) (reversing district court's award of relief for plaintiff's § 1983 action for destruction of property concluding that based on *Parratt*, because North Carolina provides an "adequate and meaningful post-deprivation remedy in the form of an action in state court . . . ," plaintiffs could not state a claim for relief under § 1983).[3] Therefore, because Plaintiff possesses a meaningful post-deprivation remedy for loss of his personal manuscript, which was non-legal property, he has no due process claim for its destruction.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 7) be **GRANTED**.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
September 30, 2014

---

[3] Plaintiff here clearly contends that the destruction of his manuscript was a "mistake," not an intentional act. (*See* Pl.'s Motion at 3-4, Docket Entry 14.) As such, it appears that he is not alleging that the inmate manuscript policy itself violates his due process rights, but rather that the prison officials mistakenly deemed his manuscript to be contraband and thus destroyed it when he did not have sufficient funds to mail the manuscript home.

9